IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELIJAH MALUHIA KANEAKUA, #10286-022,<br><br>      Petitioner,<br><br>vs.<br><br>ESTELA DERR,<br><br>      Respondent. | CIVIL NO. 22-00158 DKW-KJM<br><br>ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER |

      Before the Court is pro se Plaintiff Elijah Maluhia Kaneakua's ("Kaneakua") Application to Proceed In Forma Pauperis by a Prisoner ("IFP Application"). ECF No. 3. Kaneakua is currently incarcerated at the Federal Detention Center in Honolulu, Hawaiʻi (FDC Honolulu). *See* ECF No. 1 at 1; Federal Bureau of Prisons, https://www.bop.gov/inmateloc/(select "Find By Name"; enter "Elijah" in "First" field and "Kaneakua" in "Last" field; and select "Search") (last visited Apr. 19, 2022). Kaneakua's IFP Application is DENIED as incomplete because it does not include all the required trust fund account statements.

      When bringing a habeas action, a prisoner must either pay the $5.00 filing fee or be granted the privilege of proceeding in forma pauperis. An application to proceed in forma pauperis requires an (1) affidavit of indigence and (2) a certified

copy of the inmate's trust account statement for the six months preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2); *Page v. Torrey*, 201 F.3d 1136, 1139 (9th Cir. 2000). A prisoner must submit trust account statements from each institution where he was confined during the six-month period. *See* 28 U.S.C. § 1915(a)(2).

To assist prisoners in meeting these statutory requirements, the Court requires use of a form application—that is, the "Application to Proceed In Forma Pauperis by a Prisoner." *See* United States District Court District of Hawaii, https://www.hid.uscourts.gov/dsp_accord.cfm (follow "Forms You Need to Complete to File a New Case"). This form includes (1) an affidavit of indigence (for completion by the prisoner); (2) a financial certificate and consent to collection of fees (for completion by the prisoner); and (3) a certificate (for completion by the warden or other appropriate officer of the institution in which the prisoner is confined). *See id.* The form also reminds the prisoner to attach a copy of his prison trust account balance statements for the preceding six months. *See id.*

Kaneakua's IFP Application is incomplete because it does not include account statements from each institution where Kaneakua was confined during the six months prior to the filing of this action. *See* 28 U.S.C. § 1915(a)(2) (stating that an inmate must provide an account statement "for the 6-month period

immediately preceding the filing of the complaint . . . obtained from the appropriate official of *each prison at which the prisoner is or was confined*" (emphasis added)).

Kaneakua commenced this action by signing the Petition on April 4, 2022. ECF No. 1 at 9. The account statement Kaneakua submitted in support of his IFP Application, however, goes back only to January 11, 2022. ECF No. 3 at 4. Prior to that, it appears that Kaneakua was incarcerated, at least for a time, at the Federal Correctional Center in Sheridan, Oregon. *See* Complaint for Violation of Civil Rights (Prisoner Complaint), *Kaneakua v. Salazar*, Case No. 3:22-cv-00477-MO (D. Or. Mar. 28, 2022), ECF No. 1 at 6 ("The Petitioner was transferred to FDC Honolulu from a BOP camp in Sheridan Oregon."); *see also* Prisoner Civil Rights Complaint, *Kaneakua v. Derr*, Civ. No. 22-00149 JAO-KJM (D. Haw. Apr. 8, 2022), ECF No. 1 at 4 ("[Kaneakua] arrived at FDC Honolulu on January 18, 2022.").

Before the Court can consider the IFP Application, Kaneakua must submit account statements dating back to at least October 4, 2021—that is six months prior to the signing of the Petition in this action. It is Kaneakua's responsibility to obtain these statements and provide them to the Court. *See Jones v. Corr. Corp. of Am.*, Case No. 10-3009-SAC, 2010 WL 571949, at *1 (D. Kan. Feb. 12, 2010) ("[I]f [the plaintiff] was confined in another jail or prison during the six months

preceding the filing of this action, it was his responsibility to obtain and provide copies of his inmate account statements from those other institutions."); *Jackson v. Grondolsky*, Case No. 09-1112 (NLH), 2009 WL 2496511, at *2 (D.N.J. Aug. 11, 2009) ("The *prisoner* must obtain this certified statement from the appropriate official of each prison at which he was or is confined. (emphasis added)).

Kaneakua is therefore DIRECTED to submit a complete IFP Application that includes account statements from appropriate officials at each prison where he was confined during the six-month period immediately preceding the filing of this action. Failure to do so on or before **May 20, 2022** will result in automatic dismissal of this suit without prejudice. *See* Fed. R. Civ. P. 41(b); *see also Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995). The Court will take no action on any future filings until Kaneakua pays the filing fee or is granted IFP status.

The Clerk is DIRECTED to send Kaneakua an Application to Proceed In Forma Pauperis to facilitate his compliance with this Order.

IT IS SO ORDERED.

DATED: April 19, 2022 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

*Kaneakua v. Derr*; Civil No. 22-00158 DKW-KJM; **ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER**