IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ELIJAH MALUHIA KANEAKUA,<br><br>Petitioner,<br><br>vs.<br><br>ESTELLA DERR,<br><br>Respondent. | Case No. 22-cv-00158 DKW-KJM<br><br>**ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2241 FOR WRIT OF HABEAS CORPUS** |

On April 11, 2022, Elijah Maluhia Kaneakua petitioned, pursuant to 28 U.S.C. Section 2241, for alleged corrections to be made to his prison records that would enable him to accumulate and receive time credits under the First Step Act (FSA) and allow him to access certain employment opportunities while incarcerated. Dkt. No. 1. Thereafter, Kaneakua clarified his Petition, explaining that he had been rated as having a medium recidivism risk instead of a low one because his prison records showed an incorrect age and that he had a history of escape. Dkt. Nos. 10, 12. Petitioner asserted that these alleged errors were preventing him from having FSA time credits applied to his release date from prison. *Id.*

After a response from the government, in which, among other things, it stated that a "team meeting" was to be held with Kaneakua in July 2022, the Court

instructed the government first, and then Kaneakua, to provide an update on whether that "team meeting" provided the corrections sought by Kaneakua's Petition and/or whether he still sought further relief. Dkt. No. 17. On September 6, 2022, the government filed its status update. Dkt. No. 18. Therein, the government states that Kaneakua's prison records have been updated with his correct age and work assignment and show that his recidivism level has been reduced to low as opposed to medium. *Id*. at 2. The government asserts that, with these changes, Kaneakua is now eligible to apply FSA time credits to his release date. *Id*. Although the Court provided Kaneakua until September 12, 2022 to respond to the government's status report, no response has been received as of the date of this Order−ten days beyond the deadline.

In light of the foregoing, the Court finds that this case is moot. Specifically, when a petitioner's claimed injury cannot be redressed by a favorable decision of the court, a petition for habeas corpus is moot. *Burnett v. Lampert*, 432 F.3d 996, 1000-01 (9th Cir. 2005). Here, Kaneakua's claimed injury was the inability to apply FSA time credits to his release date due to being rated as having a medium recidivism risk. Kaneakua's prison records, though, now reflect that his recidivism risk is low and that FSA time credits have been applied to his release date. *See*

Dkt. No. 18-1 at 4; Dkt. No. 18-2 at 3.¹  In addition, those records reflect that Kaneakua received a copy of the same.  *See* Dkt. No. 18-1 at 5.  He has also been provided with an opportunity to dispute, or otherwise respond to, the government's status report and has not done so.  Therefore, based upon the record, the Court finds that Kaneakua's alleged injuries have been redressed and, thus, this case should be DISMISSED AS MOOT.  *Cf. Rahman v. Graber*, 615 F. App'x 876 (9th Cir. Sep. 2, 2015) (explaining that an appeal was moot after a federal prisoner sought credit towards his sentence, something that the Bureau of Prisons granted during the pendency of the appeal).

The Clerk is instructed to CLOSE this case.

IT IS SO ORDERED.

Dated:  September 22, 2022 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

¹In citing to Dkt. Nos. 18-1 and 18-2, the Court cites to the page numbers assigned by CM/ECF in the top right-hand corner of each document, *i.e.*, "Page 4 of 5."